UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

TATONYA JOHNSON                                                CIVIL ACTION

VERSUS                                                         NO. 23-1303-SDD-RLB

SE TYLOSE LOUISIANA, LLC, ET AL.

### ORDER

Before the Court is Plaintiff's Motion for Leave to File First Amended Complaint ("Motion to Amend"). (R. Doc. 18). The motion is opposed. (R. Doc. 20).

**I.    Background**

On September 15, 2023, Tatonya Johnson ("Plaintiff"), an African American female, commenced this employment discrimination action against her alleged former employers, SE Tylose Louisiana, LLC and SE Tylose USA, Inc. (collectively, "Defendants"). (R. Doc. 1). Plaintiff seeks recovery under six separately alleged causes of action:

- Count 1: Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII") and 42 U.S.C. § 1981 (Racial Discrimination);
- Count 2: Title VII and the Lilly Ledbetter Fair Pay Act of 2009 (Discrimination in Pay);
- Count 3: The Equal Pay Act, 29 U.S.C. § 206 *et seq*. ("EPA") (Discrimination in Pay);
- Count 4: The EPA (Retaliation);
- Count 5: Title VII (Retaliation); and
- Count 6: Violations of the Family and Medical Leave Act , 29 U.S.C. § 2601 *et seq*. ("FMLA").

(R. Doc. 1 at 14-21). Plaintiff alleges that she exhausted her administrative remedies by filing a timely charge of discrimination on December 7, 2022, and by obtaining a Dismissal and Notice of Rights letter on June 19, 2023. (R. Doc. 1 at 21-22; *see* R. Docs. 1-4, 1-5).

On December 5, 2023, Defendants filed a Motion for Partial Dismissal and for More Definite Statement ("Motion to Dismiss"). (R. Doc. 10).[1] Defendants argue that Plaintiff failed to exhaust her administrative remedies with respect to her Title VII pay discrimination claim because the charge of discrimination does not "mention pay, compensation, or anything similar," and that the claim should otherwise be dismissed in light of the conclusory allegations. (R. Doc. 10-1 at 8-10). Defendants also argue that Plaintiff's EPA pay discrimination, EPA retaliation, and Title VII retaliation claims should be dismissed for failure to state a claim in light of vague and conclusory allegations. (R. Doc. 10-1 at 10-16). Finally, Defendants argue that Plaintiff has failed to state a claim under the FMLA because she has not alleged that she notified Defendants of her need to take FMLA leave. (R. Doc. 10-1 at 16-19). In the alternative of dismissal under Rule 12(b)(6), Defendants seek an order under Rule 12(e) requiring Plaintiff to provide a more definite statement for all counts that are not dismissed. (R. Doc. 10-1 at 19-21).

On December 14, 2023, prior to Plaintiff's deadline to respond to Defendants' Motion to Dismiss, the Court issued a Scheduling Order setting, in relevant part, the deadline to amend the pleadings on January 12, 2024. (R. Doc. 12).

Plaintiff then sought, and obtained, two extensions of her deadline to respond to Defendants' Motion to Dismiss. (*See* R. Docs. 13, 14, 15, 16). The district judge ultimately set the deadline to file a response memorandum on January 16, 2024. (R. Doc. 16).

On January 16, 2024, Plaintiff timely filed an opposition to the Motion to Dismiss, alternatively moving for leave to file her First Amended Complaint for the purpose of providing more definite statements of her remaining claims. (R. Doc. 17). As reflected in her proposed First

---

[1] The Motion to Dismiss was actually filed solely on behalf of the defendant SE Tylose Louisiana, LLC, which asserts in a footnote that all claims against its co-defendant SE Tylose USA should be dismissed because it was not Plaintiff's employer. (*See* R. Doc. 10-1 at 1 n.1). For the purposes of this Order, the Court will treat all filings by SE Tylose Louisiana, LLC as having been submitted by both Defendants.

2

Amended Complaint, Plaintiff seeks to voluntarily dismiss her claims of sex discrimination and her claims under the EPA. (R. Doc. 17 at 18-19; *see* R. Doc. 17-2). Plaintiff also argues that she has exhausted her administrative remedies with respect to her Title VII claim of pay discrimination based on the charge of discrimination, and has otherwise alleged plausible facts regarding pay discrimination. (R. Doc. 17 at 11-15). Finally, Plaintiff asserts that she has alleged plausible facts in support of her claims of Title VII retaliation and violations of the FMLA. (R. Doc. 17 at 15-18).

On January 17, 2024, Plaintiff separately filed the instant Motion to Amend (R. Doc. 18), which was referred to the undersigned for resolution. The Motion to Amend, memorandum in support, and proposed amended pleading are virtually identical to those filed a day earlier in the context of opposing Defendants' Motion to Dismiss. (*Compare* R. Docs. 18, 18-1, and 18-2 *with* R. Docs. 17 at 19-21, 17-1; and 17-2). Plaintiff represents that the proposed First Amended Complaint "(i) presents additional facts that either arose, or were discovered, after the original Complaint was filed, (ii) expands and clarifies certain facts originally presented, and (iii) removes Plaintiff's Sex Discrimination and EPA claims." (R. Doc. 18 at 2; *see* R. Doc. 17 at 19).

In opposition, Defendants argue that Plaintiff's Motion to Amend should be denied for two reasons: (i) Plaintiff's failure to demonstrate good cause under Rule 16(b)(4) to allow amendment after the January 12, 2024 deadline set by the Scheduling Order, and (ii) the futility of the proposed amendments to Plaintiff's Title VII pay discrimination claim. (R. Doc. 20). Defendants raise similar arguments in their reply memorandum in support of their Motion to Dismiss. (*See* R. Doc. 19).

3

## II. Law and Analysis

### A. Legal Standards

After a scheduling order is in place, amendments to pleadings beyond the date set by the scheduling order are governed by Rule 16 of the Federal Rules of Civil Procedure, which requires a showing of "good cause" for modifying the deadline set by the scheduling order. *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). In order to show "good cause" the party seeking modification must show the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id.* at 545 (citation omitted). The Court considers four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See id.* (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

Under Rule 15(a)(2), after the period for amending as a matter of course elapses, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and a "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule "evinces a bias in favor of granting leave to amend." *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S.A. Co.*, 195 F.3d 765, 770 (5th Cir. 1999) (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)). Although leave to amend should not be automatically granted, "[a] district court must possess a substantial reason to deny a request for

4

leave to amend[.]" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quotations omitted). The Court may consider several factors when determining whether to grant leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment. . . ." *See Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1153 (5th Cir. 1981) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

"It is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). The "futility" of amendments to a complaint is measured by whether "the amended complaint would fail to state a claim upon which relief could be granted" under "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. at 873 (citations omitted).

### B.     Analysis

#### 1.     Rule 16(b)(4)

Defendants are correct Plaintiff filed the instant Motion to Amend into the record five days after the January 12, 2024 deadline to amend the pleadings set by the Scheduling Order. Nevertheless, the Court finds good cause to find amendment timely.

Foremost, the district judge extended Plaintiff's deadline to respond to Defendants' Motion to Dismiss, which alternatively sought a more definite statement on various claims. In the context of timely responding to the Motion to Dismiss, Plaintiff sought the very relief she now seeks through the instant Motion to Amend. Accordingly, the Court finds a reasonable

explanation for the untimely filing of the instant Motion to Amend given the extensions provided by the district judge.[2]

In addition, the proposed amendments are important given that they will clarify the actual claims to be litigated in this action and specifically address concerns raised by Defendants' Motion to Dismiss. Moreover, Defendants will not face any prejudice if amendment is allowed. Defendants will have the opportunity to renew their Motion to Dismiss, to the extent merited, with respect to the remaining claims in the amended pleading. No continuance of the remaining pre-trial deadlines in this action will be required in light of amendment.

### 2. Rule 15(a)(2)

Having found good cause under Rule 16(b)(4) to conclude that the instant motion is timely, the Court also concludes that allowing amendment under Rule 15(a)(2) is proper.

As stated above, Plaintiff seeks to voluntarily dismisses her claims of sex discrimination and her claims under the EPA. (R. Doc. 18-1 at 3; *see* R. Doc. 18-2). The removal of these claims from the lawsuit will result in efficient adjudication of this action.

Moreover, the proposed clarification of factual allegations in support of the remaining claims are made in response to Defendants' assertions that the allegations are vague and conclusory. Allowing Plaintiff to amend her pleading at this early stage of the litigation will narrow the issues to be addressed in any renewed motion to dismiss. *See* LR 12 ("If the Court grants leave to allow a party to file an amended complaint while a motion to dismiss pursuant to Fed. R. Civ. P. 12 is pending, the Clerk will terminate the pending motion to dismiss without

---

[2] To be clear, Plaintiff does not argue, and the Court does not conclude, that amendment as a matter of course was available to Plaintiff under Rule 15(a)(1)(B). Plaintiff sought and obtained extensions of the deadline to respond to Defendants' Motion to Dismiss; Plaintiff did not seek or obtain an extension of the deadline to amend as a matter of course. (*See* R. Docs. 13, 14, 15, 16).

prejudice to the party to refile if grounds exist therefore based upon the allegations contained in the amended complaint.").

Indeed, Defendants only argue that Plaintiff's Title VII pay discrimination claim is not resolved by amendment. (R. Doc. 20 at 6-9).[3] Defendants argue that amendment is futile with respect to this claim because the amended pleading would not establish that Plaintiff has exhausted administrative remedies or otherwise states a claim for Title VII pay discrimination.

Given the record, the Court finds it inappropriate to deny amendment based on futility. As stated above, Defendants will have the opportunity to filed a renewed motion to dismiss to address the Title VII pay discrimination as amended in the First Amended Complaint. Defendants' arguments regarding exhaustion, which are based on the charge of discrimination, would remain the same even if amendment were allowed. The amended allegations will otherwise narrow the issues for the district judge to decide with respect to any renewed motion to dismiss.[4] On balance, the First Amended Complaint will reduce and clarify the claims to be litigated in this action.

In sum, the Court finds no substantial reason to deny amendment. There is no evidence of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the opposing party by virtue of allowance of the amendment. Defendants' arguments regarding the futility of Plaintiff's

---

[3] Defendants appear to concede that the First Amended Complaint states a claim under the FMLA. Nothing in this Order shall preclude Defendants, however, from challenging the FMLA claim in a renewed motion to dismiss.

[4] To the extent any claims are dismissed based on a renewed motion to dismiss, the district judge may nevertheless provide plaintiff with an additional opportunity to cure any deficiencies. *See*, *e.g*., *Oliver v. Mil. Dep't*, No. 22-356-SDD-RLB, 2023 WL 2700709, at *13 (M.D. La. Mar. 29, 2023) (dismissing Title VII and breach of contract claims without prejudice, and providing plaintiff a final opportunity to amend the complaint to cure the deficiencies with respect to those claims addressed in the ruling). Nothing in this Order shall preclude the district judge from granting, or denying, further amendment of the pleadings if any claims raised in the First Amended Complaint are subject to dismissal.

7

Title VII pay discrimination claim are best addressed in the context of a renewed motion to dismiss to be considered by the district judge.

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Leave to File First Amended Complaint (R. Doc. 18) is **GRANTED**. The Clerk's Office shall enter Plaintiff's First Amended Complaint (R. Doc. 18-2) into the record.

**IT IS FURTHER ORDERED** that the Clerk's Office shall terminate the pending Motion to Dismiss (R. Doc. 10), without prejudice to refile.

Signed in Baton Rouge, Louisiana, on February 16, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**